## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 08 2018, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mon Htaw,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 8, 2018

Court of Appeals Case No.
49A02-1712-CR-2902

Appeal from the Marion Superior Court

The Honorable Peggy R. Hart, Magistrate

Trial Court Cause No.
49G10-1611-CM-44099

**Crone, Judge.**

# Case Summary

[1] Mon Htaw appeals her conviction for class A misdemeanor battery following a bench trial. Htaw argues that there was insufficient evidence to support her conviction. Finding that the evidence was sufficient, we affirm.

# Facts and Procedural History

[2] The evidence most favorable to the judgment shows that on November 12, 2016, Mon Htaw rushed home from work when her sister Mon Sorn called her after an altercation with their roommate, Ma Suu. Followed by Sorn, Htaw stormed into Suu's room, and Suu recorded a video using her phone when she noticed Htaw's angry demeanor. Htaw yelled at Suu, and Htaw and Sorn punched Suu several times, whereby Suu sustained multiple facial injuries.

[3] After hearing the commotion emanating from Suu's bedroom, Nick Nix and Travis Cress entered the bedroom where Htaw, Sorn, and Suu were grappling. Cress and others eventually put an end to the fight by separating the women. The police were then called, and Indianapolis Metropolitan Police Officer Brandon Smith responded. Htaw admitted to Officer Smith that she had hit Suu.

[4] The State charged Htaw with battery resulting in bodily injury, a class A misdemeanor. The trial court found her guilty and sentenced her to 365 days. This appeal ensued.

# Discussion and Decision

[5] Htaw challenges the sufficiency of the evidence supporting her conviction. In reviewing an insufficient evidence claim, we do not reweigh the evidence or judge the credibility of witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). Rather, we consider only the evidence that supports the judgment and the reasonable inferences arising therefrom. *Id.* "We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id.*

[6] A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class A misdemeanor if it results in bodily injury to any other person. Ind. Code § 35-42-2-1(c)(1), -(d)(1). Htaw concedes that a battery occurred, but argues that the evidence presented at trial was speculative insomuch that it does not show she was responsible for the battery. She contends that the names of some of the parties and the testimony could be confusing. Htaw also argues that the video Suu had recorded does not actually show any physical contact between the two parties. However, Htaw's argument ignores the longstanding principle that "it is precisely within the domain of the trier of fact to sift through conflicting accounts of events." *In re J.L.T.*, 712 N.E.2d 7, 11 (Ind. Ct. App. 1999), *trans. denied*.

[7] Officer Smith testified that Htaw admitted to battering Suu. Suu testified that Htaw battered her, and the video that Suu recorded in anticipation of the battery shows Htaw aggressively approaching her as though ready to fight.

Based on this evidence, a reasonable factfinder could infer that Htaw battered Suu. Htaw's contentions merely invite this Court to reweigh the evidence and judge the credibility of the witnesses' testimony. We must decline this invitation. Therefore, we affirm Htaw's conviction.

[8] Affirmed.

Bailey, J., and Brown, J., concur.